IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES SINGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-1672-E |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 20). Upon review of the complaint, motion to dismiss, Plaintiff's response, and Defendant's reply, the Court grants the motion in part and denies it in part.

**Factual and Procedural Background**

Plaintiff James Singer initiated this lawsuit in state court. Defendant State Farm Lloyds filed a motion to dismiss along with its notice of removal. In response, Singer filed an amended complaint. State Farm again moved to dismiss. The Court granted Singer leave to file his Second Amended Complaint. Both of State Farm's previous motions to dismiss were denied as moot.

In his Second Amended Complaint, Singer alleges that State Farm issued him a residential insurance policy for property located in Dallas. Singer filed a claim with State Farm for a loss that occurred on March 28, 2017. State Farm paid Singer $63,640.67, an "Actual Cash Value damage amount." This amount was not adequate for Singer to make all necessary repairs to his property.

In early June 2017, storms caused "additional severe damage" to the interior of Singer's property. The property sustained "significant water damage to multiple locations." On June 22, 2017, inspector Robert Moore inspected Singer's property on behalf of State Farm. During the

1

inspection, Moore acknowledged that State Farm had underpaid the March 2017 claim. Moore determined that a new and separate claim would need to be started with a date of loss of June 5, 2017. Bramlette Browder, a Texas Licensed Public Adjuster hired by Singer, was also present. Browder asked Moore to inspect the entire property, but Moore refused to do so.

State Farm later advised Singer that the replacement cost value for the damage to his property was $6,182,61, an amount less than his deductible. State Farm misrepresented the amount of damages and the policy coverage for costs associated with water mitigation.

State Farm re-inspected Singer's property in July 2017. It reconsidered its "evaluation position" and issued a payment of $388.09. Singer alleges that this second inspection again failed to acknowledge damage to his scraped wood flooring as well as interior damage to the master bedroom and "water mitigation throughout the property."

Singer hired an attorney and made a demand on State Farm for $179,053.75, supported by a damage estimate from Browder. Thereafter, State Farm conducted a third inspection of the property. State Farm again reevaluated its coverage position and found damage, which had been previously represented as non-covered, in the amount of $12,757.83. This amount included damage to the wood floors and master bedroom. State Farm issued two additional payments to Singer for $2,161.64 and $529.78. Correspondence from State Farm informed Singer that items in Browder's estimate fell outside the scope of insurance coverage. Singer maintains this determination was incorrect.

In this lawsuit, Singer asserts claims for breach of the insurance policy, violations of the Texas Insurance Code and Deceptive Trade Practices Act (DTPA), and breach of the common-law duty of good faith and fair dealing. In addition to attorney's fees and damages, Singer seeks "additional damages" under section 17.50(b)(1) of the DPTA and under the insurance code.

State Farm has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss all of Singer's claims other than breach of the insurance contract. It argues that the complaint fails to meet the heightened pleading standard required for these claims. State Farm also contends Singer has not adequately pleaded his claim for additional damages. Singer responds that he has sufficiently pleaded enough facts to support all his claims.

## Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may move to dismiss the plaintiff's claims for "failure to state a claim upon which relief may be granted." *Id.* 12(b)(6). To survive such a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

Under Rule 9(b), a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not. *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). At a minimum, the rule requires a plaintiff to plead the who, what, where, when, and how of the alleged fraud. *Colonial*

3

*Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev., Inc.*, No. 19-30995, 2020 WL 5015453, at *3 (5th Cir. Aug. 25, 2020); *Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir. 2015).

*Claims under the Texas Insurance Code*

In his Second Amended Complaint, Singer alleges that State Farm violated numerous provisions of the Texas Insurance Code. He argues that State Farm violated section 541.051 (misrepresentation regarding policy or insurer) by making statements misrepresenting the terms and benefits of the policy. He contends State Farm violated section 541.060 (unfair settlement practices) by 1) misrepresenting a material fact or policy provision related to coverage, 2) failing to make prompt, fair, and equitable settlement of a claim after the insurer's liability is established, 3) failing to promptly and fairly settle a claim under one portion of a policy in order to influence the claimant to settle an additional claim under another portion of coverage, 4) failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement, 5) failing to affirm or deny coverage of a claim or to submit a reservation of rights with a reasonable time, 6) failing to submit a reservation of rights to a policyholder, and 7) refusing to pay a claim without conducting a reasonable investigation of the details of the claim. Singer also asserts State Farm violated section 541.061 (misrepresentation of insurance policy) by 1) making an untrue statement of material fact, 2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made, 3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, and 4) failing to disclose a matter required by law to be disclosed. Singer further alleges that State Farm violated sections 542.055–.058 by failing to adhere to statutory deadlines in the handling, adjustment, and payment of insurance claims.

State Farm makes the blanket assertion that claims for insurance code violations are subject to the heightened pleading requirements of Rule 9(b). It argues that Singer has failed to meet this heightened standard in pleading his claims based on the insurance code. Not all of Singer's insurance code claims, however, involve allegations of fraud. Specifically, his claims under section 541.060 for failing to make prompt, fair, and equitable settlement of a claim after the insurer's liability is established; failing to promptly and fairly settle a claim under one portion of a policy in order to influence the claimant to settle an additional claim under another portion of coverage; failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement; failing to affirm or deny coverage of a claim or to submit a reservation of rights with a reasonable time; failing to submit a reservation of rights to a policyholder, and refusing to pay a claim without conducting a reasonable investigation of the details of the claim do not involve allegations of fraud or mistake. *See Stewart v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-2021, 2011 WL 4592256, at *6 (S.D. Tex. Sept. 29, 2011). Nor do Singer's allegations about State Farm's failure to adhere to statutory deadlines in the handling, adjustment, and payment of insurance claims under sections 542.055–.058 involve allegations of fraud or mistake. *See Albracht v. Indem. Ins. Co. of N. Am.*, No. 2:19-CV-72-Z-BR, 2019 WL 7040333, at *4 (N.D. Tex. Nov. 20, 2019). As such, the Rule 8 standards apply to these claims. State Farm's motion to dismiss is denied as to these claims.

Singer's other insurance code violation claims do involve allegations of fraud or mistake. He alleges State Farm made statements misrepresenting the terms and benefits of the policy and also misrepresented a material fact or policy provision related to coverage. Singer also asserts State Farm made an untrue statement of material fact; failed to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the

5

statements were made; made a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and failed to disclose a matter required by law to be disclosed. These claims are subject to Rule 9(b), and the Court agrees that Singer has not met the heightened pleading requirement for them. He has not stated with particularity the who, what, why, when, and how of the fraudulent or misleading statements. *See Hoffman v. AmericaHomeKey, Inc.*, 23 F.Supp.3d 734, 745 (N.D. Tex. 2014) (Rule 9(b) still applies to claims of omission and requires plaintiff to plead type of facts omitted, where omission should have appeared, and way in which omission made representations misleading). Accordingly, State Farm's motion to dismiss is granted as to Singer's claims based on statements misrepresenting the terms and benefits of the policy; statements misrepresenting a material fact or policy provision related to coverage; statements making an untrue statement of material fact; failure to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and failure to disclose a matter required by law to be disclosed.

*Claims under the DTPA*

Singer also alleges that violations of Chapter 541 of the Texas Insurance Code are direct violations of the DTPA. Claims alleging violations of the DTPA are subject to the requirements of Rule 9(b). *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp.2d 785, 800 (N.D. Tex. 2009). The Court agrees with State Farm that Singer has not pleaded his DTPA claims with the specificity required by Rule 9(b). State Farm's motion to dismiss is granted as to the DTPA claims.

*Breach of the Duty of Good Faith and Fair Dealing*

Singer also has alleged that State Farm breach the common-law duty of good faith and fair dealing. He alleges that State Farm did so by inadequately adjusting the claim, by failing to offer any reasonable basis as to why it did so, and by failing to conduct a reasonable investigation. He also contends State Farm breached this duty by unreasonably delaying the payment on the claim and by unreasonably refusing to settle the claim. State Farm again alleges Singer has failed to meet the heightened pleading standard for these claims. But the factual allegations related to Singer's claims of bad faith are not based on fraud. *See Callaway v Nationwide Prop & Cas. Ins. Co.*, No. 4:10-cv-2524, 2011 WL 13272437, at *5 (S.D. Tex. July 11, 2011). Accordingly, the Court denies State Farm's motion to dismiss as to these claims.

*Damages*

Finally, Singer alleges that he is entitled to additional damages under the DTPA and insurance code for State Farm's knowing and intentional violations. State Farm contends that Singer did not adequately plead that anyone at State Farm knew they were acting in a manner on which to base the claim for additional damages. The Court finds that Singer has sufficiently alleged that State Farm's conduct was committed knowingly and intentionally. The motion to dismiss is denied in this respect.

In sum, as set forth above, the Court grants State Farm's motion to dismiss in part and denies in it part. Although this is the third motion to dismiss filed by State Farm, this is the first time the Court has had the opportunity to rule on the merits of a motion to dismiss in this case. Thus, rather than dismiss Singer's claims that have not been adequately pleaded with prejudice, the Court will allow Singer to file an amended complaint within 30 days from the date of this order. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th

7

Cir. 2002) (court should allow plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal").

**SO ORDERED.**

Signed September 3, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE